Filed 6/3/13  In re A.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.T., a Person Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> B.S., <br><br> Defendant and Appellant. | C071718 <br><br> (Super. Ct. No. JD232427) |

Appellant's sole claim on appeal is that the juvenile court "erred because it made a finding of reasonable efforts to return A.T. to a safe home despite the Department's failure to tailor [appellant's] case plan to his circumstances as an incarcerated parent." His claim lacks merit and we affirm the orders of the juvenile court.

1

FACTS AND PROCEEDINGS

In April 2012, appellant was arrested on charges of felony domestic violence and child abuse. In May 2012, the Sacramento County Department of Health and Human Services (Department) took A.T. into protective custody because mother continued to deny the abuse, claiming the injuries she suffered were self inflicted.

In June 2012, the Department recommended the juvenile court sustain the dependency petition and order reunification services for appellant (who was incarcerated) and mother. The court adopted the Department's recommendation, sustained the petition, and ordered reunification services for both parents. In sustaining the petition, the juvenile court found "[r]easonable efforts were made to prevent or eliminate the need for removal from the home."

Appellant filed a timely notice of appeal.

DISCUSSION

Appellant's only argument on appeal is that because the Department's plan for services was not tailored to his needs as an incarcerated parent, the Department failed to make reasonable efforts to return the minor to a safe home. Appellant is conflating two separate issues that arise at different stages of dependency proceedings: (1) reasonable efforts to return the minor to a safe home and (2) the provision of reasonable reunification services.

Reunification services are *ordered* at disposition, not reviewed. (See *In re Dino E.* (1992) 6 Cal.App.4th 1768, 1779; Welf. & Inst. Code, § 361.5, subds. (a)(1), (c) [reunification services begin "with the dispositional hearing"; whether to order services is a decision made at disposition].) Whether reunification services are reasonable or tailored to meet appellant's needs are issues that arise only in subsequent hearings (e.g., review hearings, termination of services, and /or termination of parental rights). (See, e.g., *In re Ronell A.* (1996) 44 Cal.App.4th 1352 [incarcerated parent claimed

2

reunification services were not reasonable at hearing to terminate parental rights]; *In re Monica C.* (1994) 31 Cal.App.4th 296 [same].) Accordingly, whether appellant's case plan is tailored to meet the needs of an incarcerated parent, is irrelevant to a determination of whether the Department made reasonable efforts to return the minor to a safe home. Thus, appellant's only claim fails.

DISPOSITION

The orders of the juvenile court are affirmed.


                                                         HULL             , J.


We concur:


      RAYE             , P. J.


      HOCH             , J.